<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RECOM CORP., | Hon. Stanley R. Chesler <br> Civil Action No. 16-3320 |
| Petitioner, | |
| v. | **OPINION** |
| MILLER BROTHERS, A DIVISION OF WAMPOLE-MILLER, INC., | |
| Respondent. | |

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on two motions: 1) the motion to vacate the arbitration award by Petitioner Recom Corp. ("Recom"); and 2) the motion to dismiss the Petition to vacate the arbitration award by Respondent Miller Brothers ("Miller"). For the reasons stated below, the motion to dismiss the Petition will be granted and the motion to vacate the arbitration award will be denied.

Briefly, this case arises from a dispute between Recom, an equipment supplier, and Miller, a purchaser, over a supply agreement. The dispute went to arbitration, and, on March 10, 2016, the arbitral tribunal issued an Award. There is no dispute that the Award concludes: "Accordingly, Recom and its parents, successors, affiliates and assigns, jointly and severally, shall pay to Miller Bros. the total awarded amount of $1,850,099.31." (Haridi Dec. Ex. I at 29.)

Recom initiated this case by filing a Petition with this Court seeking to vacate the Award, pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a). Recom seeks to vacate the Award on two grounds: 1) the arbitrators committed serious misconduct by depriving Recom and its

parents, successors, affiliates, and assigns of due process; and 2) the arbitrators exceeded their powers. The crux of these arguments is that, in making the Award against not only Recom, but also its parents, successors, affiliates and assigns, the arbitrators rendered an award against entities that were not party to the arbitration proceeding ("the non-party Entities"), and also deprived Recom of due process on the issue of joint and several liability.

Miller responded by moving to dismiss Recom's Petition on three grounds: 1) Recom waived judicial review of the Award in the original supply agreement; 2) Recom does not have standing to seek vacatur on behalf of the non-party Entities; and 3) under the first-filed rule, because Miller filed an earlier petition to confirm the Award in the United States District Court for the Southern District of New York, this action should be dismissed.

This Court finds that Recom lacks standing to bring the present case and need not reach the other issues. In Lujan, the key case on standing, the Supreme Court held:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."
>
> The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i. e.*, with the manner and degree of evidence required at the successive stages of the litigation.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (citations omitted).  Under Lujan, Recom, the party invoking federal jurisdiction, bears the burden of establishing the elements of standing.  It has not done so.

The first element of the standing analysis is the "injury in fact," which the Court defined as "an invasion of a legally protected interest" which is actual, not conjectural.  Id. at 560.  The Petition does not adequately allege that Recom suffered an actual invasion of a legally protected interest.  Rather, it complains primarily of an invasion of the interests of other entities.  Recom attempts to frame this as an invasion of its own interest by arguing that it was denied due process when the tribunal decided the issue of joint and several liability without giving Recom notice and the opportunity to be heard.

This sounds plausible as a pure abstraction but appears to be the kind of hypothetical injury that cannot give rise to standing.  This Court inquires: how was Recom actually injured by the fact of joint and several liability for the Award?  As a thought experiment, suppose the tribunal had made Recom solely liable for the award – would that have put it in a better position than it is now?  Recom has not explained how it would have benefitted from that.  Absent there being some advantage to an award of sole liability, and some relative disadvantage to an award of joint and several liability, there is no actual injury to a party which is made jointly and severally liable with others rather than solely liable.

Recom states: "RECOM is now left in a position in which it has no way of knowing whether it is solely liable for the amount awarded to Miller Bros. under the award, whether it may share that liability with one other entity, or whether it may share that liability with any other number of entities."  (Pet. Vacate Br. 12.)  Again, this Court queries, how is this an injury in

3

fact?[1]  Generally, the possibility that someone else might pay part of your bills is a plus, not a minus.  Recom has failed to persuade this Court that the joint and several character of the Award is an actual injury to its legally protected interests.

This Court finds that Recom has failed to adequately allege the elements of standing. "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  Davis v. Wells Fargo, 824 F.3d 333 (3d Cir. 2016).  The Petition must therefore be dismissed for lack of subject matter jurisdiction.  The motion to dismiss the Petition to vacate the arbitration award will be granted.  This moots the motion to vacate the Award.

  /s Stanley R. Chesler
STANLEY R. CHESLER. U.S.D.J.

Dated: August 24, 2016

---

[1] Recom contends that it has been subjected to "uncertainty" by the imposition of joint and several liability.  The third element of the Lujan standing analysis is redressability: would a decision by this Court to vacate the Award be likely to redress this uncertainty?  No.  Recom has not persuaded this Court that it is likely that a decision to vacate the Award will favorably impact its alleged uncertainty about joint and several liability.  Moreover, as to the second element of the standing analysis, causation, the Petition does not challenge conduct of the Respondent, Miller, but rather the independent action of a third party not before the Court.