<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RECOM CORP., | : | Hon. Stanley R. Chesler |
|  | : | Civil Action No. 16-3320 |
| Petitioner, | : |  |
| v. | : |  |
|  | : | **OPINION** |
| MILLER BROTHERS, A DIVISION OF WAMPOLE-MILLER, INC., | : |  |
| Respondent. | : |  |

<u>**CHESLER, U.S.D.J.**</u>

      This matter comes before the Court on two motions: 1) the motion to reopen the case by Respondent Miller Brothers ("Miller"); and 2) Miller's motion to confirm the arbitration award. For the reasons stated below, the case will be reopened *sua sponte*, the motion to reopen will be denied as moot, and the motion to confirm the arbitration award will be granted.

      The background to these motions is as follows. On June 8, 2016, Petitioner Recom Corp. ("Recom") filed a petition to vacate an arbitration award. Miller filed an answer that included a counterclaim to confirm the arbitration award. On August 24, 2016, this Court entered an Opinion and Order granting Miller's motion to dismiss the Petition to vacate the arbitration award. Through a clerical error – the clerk overlooked the pending counterclaim – the Order that was filed was mistakenly marked "closed." In the Opinion granting the motion to dismiss, this Court did not address the counterclaim, and it has never been dismissed. Nor did the Opinion state that the case was closed, or that a final Judgment would be entered.

Miller now moves to reopen the case, contending that the case was closed in error and asking this Court to correct the error, pursuant to Federal Rule of Civil Procedure 60(b)(1,6). In opposition, Recom cites the Third Circuit's "well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal." Martinez-Mcbean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977). It is true that a Rule 60(b) motion may not be used for as a substitute for an appeal, but, were this Court to agree with Recom, it would mean agreeing that the proper way to correct a clerical error is to appeal to the Third Circuit. Appeal to the Third Circuit is not possible, however, when this Court did not issue any final judgment. Miller could not have corrected the clerical error by filing an appeal.

There is no shortage of errors here. The case was reported as closed because of a clerical error. Miller asked the Court to correct the error, but mistakenly cited Rule 60(b) instead of Rule 60(a). Recom has taken the erroneous position that Miller should have sought to correct the clerical error by filing an invalid appeal.

Fortunately, this Court can correct errors *sua sponte*, pursuant to Rule 60(a):

> Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Pursuant to Rule 60(a), this Court recognizes that this case was closed due to a clerical error, and it will correct that mistake *sua sponte* with an Order to reopen. This moots Miller's pending Rule 60(b) motion.

The case having been reopened, Miller moves for confirmation of the arbitration award. Miller argues that the award should be confirmed because this Court has already ruled against Recom's only defense to confirmation, that the arbitrators exceeded their powers in making the

award against not only Recom, but also its "parents, successors, affiliates, and assigns, jointly and severally." Indeed, in this Court's August 24, 2016 Opinion granting Miller's motion to dismiss the Petition to vacate the arbitration award, this Court ruled that Recom did not have standing to assert such a claim. Miller argues that, because Recom has asserted no other defense to the counterclaim to confirm the arbitration award, and this Court has ruled against its sole defense to confirmation, the award should be confirmed.

Miller acknowledges that it asserted the counterclaim against Recom as well as its "parents, successors, affiliates, and assigns, jointly and severally," but states that it moves to confirm the award only as to Recom at this time. Miller asks that the Court, pursuant to Federal Rule of Civil Procedure 54(b), enter final judgment against Recom only at this juncture.

In opposition, Recom asserts the same defense in two forms. First, it argues that the law bars arbitrators from binding non-signatories to an arbitration agreement. This does not differ from the argument this Court already ruled against: Recom lacks standing to challenge the award on behalf of other parties. Second, Recom argues that the arbitrators exceeded their powers by rendering an award against non-parties. That is the same argument with a small difference in wording. The Court has ruled that Recom lacks standing to bring these challenges. Indeed, Miller is correct that this Court has already ruled against Recom's only asserted defenses to confirmation of the award.

Lastly, Recom argues that Miller's motion to confirm is actually seeking a modification of the award, and asks that this Court either modify the award or enter Judgment solely against Recom. Here, the parties are in agreement: pursuant to Rule 54(b), this Court will confirm the award against Recom only, and will enter final Judgment against Recom only, as there is no just

reason for delay.  Thus, the Court grants the motion to confirm the arbitration award against Recom Corp. only and, pursuant to Rule 54(b), enters final Judgment of confirmation of the award against Recom Corp. only.

       /s Stanley R. Chesler
       STANLEY R. CHESLER. U.S.D.J.

Dated: December 6, 2016