```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RECOM CORP., | Hon. Stanley R. Chesler<br>Civil Action No. 16-3320 |
| Petitioner, | |
| v. | **OPINION & ORDER** |
| MILLER BROTHERS, A<br>DIVISION OF WAMPOLE-MILLER, INC., | |
| Respondent. | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for default judgment against counterclaim Respondent Recom AG by counterclaim Petitioner Miller Brothers ("Miller"). For the reasons that follow, the motion will be denied.

Miller asserted a counterclaim against both Recom Corp. and Recom AG. In the Opinion and Order dated December 6, 2016, this Court entered a Judgment against Recom Corp. Recom AG had not appeared in the action; Miller then requested an entry of default by Recom AG and now moves for default judgment. Recom AG has now appeared in the action and opposes the motion.

Recom AG opposes the motion on three grounds: 1) Miller never properly served the counterclaim on Recom AG; 2) this Court lacks personal jurisdiction over Recom AG; and 3) Third Circuit law counsels against an entry of default judgment under these circumstances.

A review of the submissions indicates that, at a minimum, Recom AG has a colorable defense that this Court lacks personal jurisdiction over it. Recom AG contends that it has no

contacts whatever with New Jersey. While Miller disputes this, it is clear that this is indeed a litigable defense, and a material issue that must be resolved by litigating the case.

As the Third Circuit has stated:

> [T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-195 (3d Cir. 1984). The Third Circuit has also stated:

> Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.

Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

There are thus a number of reasons to deny the motion for default judgment and to vacate the Clerk's entry of default. Recom AG may not be subject to this Court's jurisdiction. The Third Circuit resolves questionable cases in favor of the party moving to set aside the default judgment so that cases may be decided on the merits. Moreover, Miller is not prejudiced by denying default judgment, Recom AG appears to have a litigable defense, and the delay is not due to culpable conduct. The motion for default judgment will be denied.

For these reasons,

**IT IS** on this 13th day of April, 2017,

**ORDERED** that Miller's motion for default judgment (Docket Entry No. 50) is **DENIED**; and it is further

**ORDERED** that the Clerk's entry of default as to Recom AG is **VACATED**.

                                          /s Stanley R. Chesler
                                      STANLEY R. CHESLER. U.S.D.J.