UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RECOM CORP., | : | Hon. Stanley R. Chesler |
| | : | Civil Action No. 16-3320 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| MILLER BROTHERS, A DIVISION OF WAMPOLE-MILLER, INC., | : : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12, by counterclaim Respondent Recom AG. For the reasons that follow, the motion will be denied.

This Court has previously resolved the dispute between Petitioner Recom Corp. and Respondent Miller Brothers ("Miller"). All that remains unresolved in the case is Miller's counterclaim against Recom AG, a foreign corporate affiliate of Recom Corp. Recom AG now moves for judgment on the pleadings on the counterclaim on three grounds: 1) Miller never properly served the counterclaim on Recom AG; 2) Miller has failed to establish that this Court has personal jurisdiction over Recom AG; and 3) the counterclaim fails to state any valid claim for relief.

As to the challenge to proper service, the parties do not dispute that, on September 14, 2016, Gerard deLisser ("deLisser"), a vice-President of Miller, handed a copy of the summons to Hamlet Tunyan at a Recom booth at a convention in Las Vegas. Recom AG contends that this was not proper service because deLisser is an officer of Miller, and Rule 4(c)(2) states: "Any

person who is at least 18 years old and not a party may serve a summons and complaint."

Recom AG contends that a vice-President of a party is "a party," within the meaning of Rule 4(c)(2).  In support, Recom AG cites cases which stand for the principle – not in dispute here – that a named party may not effect service.  Recom AG cites no cases in which courts have barred an employee of a named party, not him or herself a named party, from effecting service.  Miller points to a sister court's decision that permitted an employee of a named party to effect service, pursuant to Rule 4(c)(2).  Commodity Futures Trading Comm'n v. American Metal Exch. Corp., 693 F. Supp. 168, 186 (D.N.J. 1988).  Because an employee of Miller who is not a named party served Recom AG, the service was proper, and the motion for judgment on the pleadings for improper service will be denied.

Recom AG also moves for judgment on the pleadings on the ground that Miller has failed to establish personal jurisdiction over it in this Court.  The Third Circuit has set forth these fundamental principles for a motion pursuant to Rule 12(b)(2):

> A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. Contrary to the dissent's suggestion, therefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 (3d Cir. 1984).  The Third Circuit has also held:

> The due process clause of the fourteenth amendment of the United States Constitution limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have certain minimum contacts with [the forum] such that the maintenance of the suit does not

> offend traditional notions of fair play and substantial justice. The nature of these contacts must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state.

Provident Nat'l Bank v. California Federal Sav. & Loan Asso., 819 F.2d 434, 436-437 (3d Cir. 1987).

Miller points to documents which show that Recom AG contracted with a Taiwanese company (Greco Dec. Ex. J) and with an Italian company (Greco Dec. Ex. Y) for the manufacture of solar modules for delivery to New Jersey. Recom AG points out, however, that the governing law provisions in these contracts specify the laws of foreign countries – not New Jersey – and that New Jersey's connection to these contracts is merely incidental. Recom AG argues that these contracts are not sufficient to support a finding that it should have been reasonably able to anticipate being haled into court in New Jersey.

This Court finds that the factual record before it has not been sufficiently developed to allow a determination of the jurisdictional question at this time. Miller shall be allowed sixty days for limited jurisdictional discovery regarding the relationship between Recom AG and Recom Corp., as well as the direct contacts between Recom AG and the forum state in regard to this transaction. The motion to dismiss for lack of personal jurisdiction will be denied without prejudice, and may be renewed upon completion of jurisdictional discovery.

As to the argument that the counterclaim fails to state a valid claim for relief, this Court finds it unpersuasive in this procedural context because it rests on facts outside the pleadings: "Miller Brothers made no showing in its Counterclaim that Recom AG is a related entity to Recom Corp." (Recom AG's Br. 17.) On a Rule 12(b)(6) motion, facts need only to be pled, not shown:

> In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.

Schrob v. Catterson, 948 F.2d 1402, 1408 (3d Cir. 1991). The motion to dismiss for failure to state a valid claim will be denied.

For these reasons,

**IT IS** on this 17th day of July, 2017,

**ORDERED** that, as to the motion to dismiss for failure to state a valid claim and the motion to dismiss for improper service, Recom AG's motion for judgment on the pleadings (Docket Entry No. 74) is **DENIED**; and it is further

**ORDERED** that, as to the motion to dismiss for lack of personal jurisdiction, Recom AG's motion for judgment on the pleadings (Docket Entry No. 74) is **DENIED** without prejudice, and may be renewed after the completion of jurisdictional discovery; and it is further

**ORDERED** that Miller shall be allowed 60 days from the date of entry of this Order to engage in jurisdictional discovery limited to discovery of Recom AG's contacts with the State of New Jersey in regard to the transaction at issue in this case, and the relationship between Recom AG and Recom Corp.

     /s Stanley R. Chesler  
    STANLEY R. CHESLER. U.S.D.J.